UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NERY ALFREDO MOZO NAVAS,

    Plaintiff,

    v.

JOSEPH B. EDLOW, et al.,

    Defendant.

CIVIL ACTION NO.
1:25-CV-06191-JPB

## **ORDER**

This matter comes before the Court on Joseph B. Edlow and Rose M. Kendrick's (collectively, "Defendants") Motion to Dismiss [Doc. 8]. This Court finds as follows:

### **BACKGROUND**

In 1999, Nery Alfredo Mozo Navas ("Plaintiff"), a citizen of El Salvador, entered the United States without inspection or parole. [Doc. 1, p. 7]. Thereafter, on October 31, 2000, Plaintiff was given an "*in-absentia* order of removal for failing to attend his [i]mmigration hearing." Id. Almost twelve years later, on October 22, 2012, Plaintiff was granted Temporary Protected Status.[1] Id. at 8.

---

[1] Temporary Protected Status "shields eligible nationals of designated countries from removal because certain conditions in their home countries make returning unsafe or infeasible." Commandant v. Dist. Dir., Miami Dist. (S23), USCIS, No. 21-10372, 2024 WL 3565390, at *1 (11th Cir. July 29, 2024).

Using this status, on January 13, 2013, Plaintiff was paroled into the United States. Id.

On October 25, 2024, Plaintiff filed a Form I-485 Application to Register Permanent Resident or Adjust Status (the "Application") with the United States Citizenship and Immigration Services ("USCIS"). Id. The USCIS denied Plaintiff's Application on August 21, 2025, for lack of jurisdiction. Id. at 9. Specifically, the USCIS asserted that an immigration court had exclusive jurisdiction over Plaintiff's Application.[2] Id.

Plaintiff filed this action against Defendants on October 29, 2025, asserting claims for declaratory and injunctive relief. In short, Plaintiff claimed that Defendants erred in denying his Application and asked this Court to compel Defendant to accept jurisdiction of the Application and adjudicate it in accordance with the law. Arguing that the Court lacks subject matter jurisdiction, Defendants filed the instant Motion to Dismiss on January 20, 2026. [Doc. 8]. The motion is now ripe for review.

---

[2] Under 8 C.F.R. § 245.2(a)(1), "USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application."

**LEGAL STANDARD**

A party may challenge the court's subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Challenges to subject-matter jurisdiction under Rule 12(b)(1) take two forms.  The first form is a facial attack, which questions subject-matter jurisdiction based on the allegations in the complaint alone.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  The second form is a factual attack, which contests jurisdiction "in fact, irrespective of the pleadings."  Id.  "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."  Morrison, 323 F.3d at 925 (citation omitted).  In this case, Defendants have lodged a facial attack because the Motion to Dismiss is based solely on the allegations of the complaint and does not reference other materials.

**DISCUSSION**

The Immigration and Nationality Act ("INA") provides that a "noncitizen who enters the country unlawfully may be ordered removed."  8 U.S.C. § 1227(a)(1).  The INA, however, offers several types of discretionary relief from

removal including (1) cancellation of removal, (2) voluntary departure and (3) adjustment of status to permanent residency under § 1255, which is the relief that Plaintiff requested in this case.  Commandant v. Dist. Dir., Miami Dist. (S23), USCIS, No. 21-10372, 2024 WL 3565390, at *2 (11th Cir. July 29, 2024). Particularly relevant here, "Congress has sharply circumscribed judicial review of th[is] discretionary relief process."  Patel v. Garland, 596 U.S. 328, 332 (2022). Indeed, 8 U.S.C. § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review" "any judgment regarding the granting of relief under section . . . 1255."

Defendants assert that § 1252(a)(2)(B) prevents this Court from exercising jurisdiction over this case.  Plaintiff, on the other hand, contends that "Defendants' position rests on an overbroad reading of the jurisdictional bar."  [Doc. 10, p. 2]. Specifically, Plaintiff argues that the Court has jurisdiction because he is only challenging Defendants' failure to "accept the case for adjudication"—not "the discretionary merits of an adjustment application."  Id. at 2–3.  Plaintiff further claims that jurisdiction exists because he raises "due process concerns" and "legal error."  Id. at 4–5.

As stated above, Plaintiff argues that the Court has jurisdiction because he is not seeking review of a discretionary decision, but of the threshold jurisdictional determination.  Problematically for Plaintiff, the jurisdiction-stripping provision

applies to all judgments, "not just discretionary judgments." Commandant, 2024 WL 3565390, at *3 (citation modified). In fact, the Supreme Court of the United States, in rejecting an argument that the statute only applies to discretionary decisions, held that "[h]ad Congress intended . . . to limit the jurisdictional bar to 'discretionary judgments,' it could easily have used that language—as it did elsewhere in the immigration code." Patel, 596 U.S. at 341. Ultimately, the jurisdictional bar applies to "all decisions relating to the granting or denying of discretionary relief" and includes "any authoritative decision." Commandant, 2024 WL 3565390, at *3 (citation modified). In the Court's view, Defendants' determination that Plaintiff's Application could not be adjudicated for jurisdictional reasons is a decision relating to the denial of discretionary relief. See id. (affirming the district court's dismissal for lack of jurisdiction over a challenge to USCIS's decision that it lacked jurisdiction to adjudicate adjustment-of-status applications). Because Plaintiff seeks review of a USCIS determination related to the denial of an adjustment of status application, the Court is precluded from exercising jurisdiction over Plaintiff's claims. Patel, 596 U.S. at 338–339; Commandant, 2024 WL 3565390, at *7.

Plaintiff also claims that the Court has jurisdiction because of due process concerns and legal error relating to Defendants' decision not to adjudicate the

5

Application.  The Court recognizes that an exception exists to the jurisdictional bar.  Indeed, § 1252(a)(2)(D) provides that "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  Even assuming that this case involves a proper constitutional challenge or a legal question, the statute plainly provides that the petition for review must be filed with the appropriate court of appeals.  Ugwu v. Jaddou, No. 1:24-CV-2328, 2024 WL 4896572, at *3 (N.D. Ga. Nov. 26, 2024).  Because Plaintiff filed in this Court—and not a court of appeals—the Court lacks jurisdiction to consider his case.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 8] is **GRANTED**.  **IT IS HEREBY ORDERED** that this matter is **DISMISSED** without prejudice.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 12th day of June, 2026.

**J. P. BOULEE**
United States District Judge

6